1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10    MICHAEL B. WILLIAMS,                    Case No. 1:15-cv-00028 DLB (PC)

11              Plaintiff,                    ORDER GRANTING PLAINTIFF'S
                                             MOTION FOR RECONSIDERATION
12                                           [ECF No. 12]

13          v.                               ORDER VACATING ORDER DENYING
                                             MOTION TO PROCEED IN FORMA
14                                           PAUPERIS
                                             [ECF No. 8]
15
      SUSAN DE ANDA,                         ORDER GRANTING PLAINTIFF'S
16                                           MOTION TO PROCEED IN FORMA
              Defendant.                     PAUPERIS
17    _____/       [ECF No. 7]

18          Plaintiff Michael B. Williams, a civil detainee proceeding pro se, filed this civil rights
19    action pursuant to 42 U.S.C. § 1983 on January 5, 2015.
20          The Court ordered Plaintiff to file an application to proceed in forma pauperis or pay the
21    $400.00 filing fee on January 12, 2015.  On January 26, 2015, Plaintiff filed an application to
22    proceed in forma pauperis.  According to Plaintiff's application, it appeared that Plaintiff had
23    $10,593.30 in his trust account.  Based on this balance, the Court determined that Plaintiff was
24    ineligible to proceed in forma pauperis in this action. 28 U.S.C. § 1915(a)(1).  Subsequently,
25    Plaintiff filed motions to proceed in forma pauperis which the Court denied as moot insofar as his
26    application had already been denied.
27          On May 4, 2015, Plaintiff filed the instant motion for reconsideration.  Rule 60(b) allows
28

the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

In his motion for reconsideration, Plaintiff states that the amount of $10,598.30 that had been deposited in Plaintiff's hospital trust account had been withdrawn by the institution pursuant to Cal. Welf. and Inst. Code § 7281 for payment of Plaintiff's care and hospital treatment. Therefore, the funds are not available to Plaintiff. This is confirmed by the certification of the authorized trust account officer which provides that Plaintiff has the sum of $49.00 on account. See Docket No. 9. Therefore, good cause having been shown, Plaintiff's motion to proceed in forma pauperis is GRANTED. 28 U.S.C. § 1915(a)(1).

Accordingly, IT IS HEREBY ORDERED:

1) Plaintiff's motion for reconsideration is GRANTED;

2) The Court hereby VACATES the order of January 30, 2015, which had denied the motion to proceed in forma pauperis and directed Plaintiff to pay the filing fee; and

3) Plaintiff's motion to proceed in forma pauperis is GRANTED.

IT IS SO ORDERED.

Dated:   **September 1, 2015**            /s/ *Dennis L. Beck*
                                    UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28