# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUSAN DE ANDA, et al.,<br><br>　　　　　Defendants. | Case No. 1:15-cv-00028 DLB PC<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Michael B. Williams ("Plaintiff") is a civil detainee proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 5, 2015. He filed a First Amended Complaint on January 15, 2015. He names Psychiatric Technician Susan De Anda as Defendant. Plaintiff consented to the jurisdiction of a magistrate judge on January 16, 2015.

**A.　　SCREENING REQUIREMENT**

　　　　The Court is required to screen Plaintiff's complaint and dismiss the case, in whole or in part, if the Court determines it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

1

conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  Iqbal, 556 U.S. at 678.

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121-23 (9th Cir. 2012); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010), but Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**B.      SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Plaintiff is currently detained at Coalinga State Hospital where the events giving rise to this action took place.  Plaintiff makes the following allegations against Defendant De Anda.

Plaintiff claims that since October of 2014, Defendant De Anda has maintained a practice of opening, reading, seizing, or destroying Plaintiff's incoming and outgoing confidential legal and non-legal mail outside of Plaintiff's presence.  Plaintiff claims that Defendant has interfered with his rights to access the court by seizing a copy of the Ninth Circuit's decision filed in Williams v. Madrid, Case No. 14-15907 that had been addressed to Plaintiff for his own record.  Plaintiff states that when he inquired of Defendant De Anda as to why his incoming personal mail from a family member had been opened, she replied by asking whether Plaintiff wanted a "Patient's Rights Complaint Form."

Plaintiff seeks a declaratory judgment that he has a constitutional right to access the courts, and that state hospital officials may not actively interfere with his right to litigate.

///

C.  **DISCUSSION**

Prisoners and civilly committed persons have a First Amendment right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407 (1989). Restrictions on incoming mail are analyzed under the reasonableness standard set forth in Turner v. Safley, 482 U.S. 78, 89–91, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987). See also Thornburgh, 490 U.S. at 413–14. Under Turner, an "interference" is valid if it reasonably related to legitimate penological interests. 482 U.S. at 89. To determine the reasonableness of the regulation, the court must consider the following: (1) whether there is a "valid, rational connection between the regulation and the legitimate government interest put forward to justify it," (2) "whether there are alternative means of exercising the right," (3) the impact that the "accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally," and (4) "the absence of ready alternatives." Id., at 89–90.

The Ninth Circuit has held that prison officials may examine a prisoner's communications without infringing upon his rights. U.S. v. Wilson, 447 F.2d 1, 8 n. 4 (9th Cir.1971). Courts have also upheld policies that call for inspection of non-legal mail for contraband. Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir.1991); Witherow v. Paff, 52 F.3d 264 (9th Cir.1995); Gaines v. Lane, 790 F.2d 1299, 1304 (7th Cir.1986). With regard to Plaintiff's status as a civil detainee, any restrictions on his First Amendment rights to send and receive mail must be non-punitive. Hydrick v. Hunter, 500 F.3d 978, 989 (9th Cir. 2007); Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). In order to allege that punitive restrictions exist, a plaintiff must assert that the challenged restrictions are expressly intended to punish, the restrictions serve a non-punitive purpose but are nonetheless excessive, or that the legitimate purpose could be accomplished with less restrictive or harsh methods. Jones, 393 F.3d at 932; Bell v. Wolfish, 441 U.S. 520, 539 (1979).

In this case, the complaint is vague and conclusory and fails to set forth sufficient facts supporting a claim against Defendant De Anda for violating Plaintiff's constitutional rights. Plaintiff complains that Defendant De Anda has a custom or practice of opening, reading, seizing, or destroying his incoming and outgoing legal and non-legal mail. Aside from his allegation that De Anda seized a copy of a court decision that had been addressed to Plaintiff, his claim is entirely

3

devoid of any specific facts. The bare allegation that Defendant De Anda seized a court decision is insufficient to state a claim under section 1983 insofar as isolated incidents of mail interference or tampering will not support a claim under section 1983 for violation of Plaintiff's constitutional rights. See Davis v. Goord, 320 F.3d 346, 351 (2d. Cir. 2003); Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997); Smith v. Maschner, 899 F.2d 940, 944 (10th Cir. 1990).

## D. CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted under section 1983. In an abundance of caution, the Court will provide Plaintiff with a further opportunity to file an amended complaint. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's Second Amended Complaint should be brief, Fed. R. Civ. P. 8(a), but it must state specifically what Defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Sweeping, conclusory allegations will not support a claim for relief. Iqbal, 556 U.S. at 678.

Finally, an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

///
///
///
///
///
///
///
///

4

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is dismissed, with leave to amend, for failure to state a claim under section 1983;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a Second Amended Complaint; and

4. If Plaintiff fails to file a Second Amended Complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **November 24, 2015**                    /s/ *Dennis L. Beck*
                                                                       UNITED STATES MAGISTRATE JUDGE

5